IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MERRIDA, | No. CIV S-10-2865-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ARAMARK FOOD SERVICE PROVIDER, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Aramark Food Service Provider and Solano County as defendants to this action. Plaintiff alleges:

> Aramark along with Solano County which includes its Sheriff's Department Custom Division has and continues too [sic] intentionally and maliciously [sic] deprive me and all the inmates that are presently housed under the direct control of said Sheriff's Dept. within the Solano County Justice Center which is Located at 500 Union Ave. Fairfield, CA.  Our daily nutritional intake requirement that is mandated by standard for the minimum daily diets of vitamins, iron, protein, and minerals which are fixed by law and contained within the Title 15 minimum jail standards specifically under Article 12; Food.  As a result of this deprivation myself and all the inmates have been denied the proper diet that is mandated by local, state, federal law and their policies.  The deprivation is caused and due to Aramark intending to inflate and raise their profits in a separate business operation which they also own and operate by contract in the Solano County Jail.  This operation that is labled [sic] under the heading Facility Commisary and/or Canteen.  Aramark along with the Custody Division of the Sheriff's Dept. have severely reduced the daily portions and alotments [sic] of meals which they are mandated by law to serve.  This intentional and malicious [sic] endeavor for purposes of financial gain in their separate business operation directly affects each individual incarcerated in said facility. . . .

Plaintiff states that these facts give rise to claims under the Eighth Amendment based on inadequate food and under the Fourteenth Amendment based on denial of equal protection.

///

## II. DISCUSSION

Plaintiff's complaint suffers from a number of flaws, discussed below.

### A. Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

1   Here, plaintiff states that the facts alleged in the complaint give rise to an equal
2   protection claim. The court does not agree. In particular, plaintiff does not allege that he is
3   being treated differently than similarly situated individuals. In fact, plaintiff specifically alleges
4   that he and all inmates at the Solano County Jail are experiencing the same problems with their
5   food. Plaintiff's complaint does not state any facts giving rise to an equal protection claim.

     **B.**     **Inadequate Food**

7   The gravamen of plaintiff's complaint is that inmates at the Solano County Jail
8   are not receiving constitutionally adequate food. Plaintiff has not, however, plead facts which
9   would indicate that the named defendants are the proper defendants to this action.

     1.     Aramark

11   According to the complaint, Aramark is an outside company that contracts with
12   the jail to provide food service. Generally, private parties are not considered to be acting under
13   color of state law for purposes of liability under § 1983. See Price v. Hawai'i, 939 F.2d 702,
14   707-08 (9th Cir. 1991). It is possible for a private party to act under color of state law where
15   conspiracy with state officials is alleged. See Tower v. Glover, 467 U.S. 914, 920 (1984). Here,
16   while plaintiff names Solano County as a defendant, plaintiff does not name any individual state
17   actors, such as a correctional officer, warden, etc., with whom Aramark, or anyone acting for
18   Aramark, could have formed an agreement to violate plaintiff's constitutional rights. Therefore,
19   as the complaint is currently framed, it is impossible for plaintiff to establish the conspiracy
20   required to maintain an action against Aramark.

     2.     Solano County

22   Municipalities and other local government units are among those "persons" to
23   whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).
24   Counties and municipal government officials are also "persons" for purposes of § 1983. See id.
25   at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local
26   government unit, however, may not be held responsible for the acts of its employees or officials

under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

In this case, plaintiff does not allege that inadequate food is the result of any policy, custom, or practice of Solano County.  Rather, it appears that plaintiff alleges that the inadequate food service is due to misconduct on the part of Aramark.  Absent allegations of custom, policy, or practice of the municipality, plaintiff cannot maintain an action against Solano County.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

///

1            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
4   each named defendant is involved, and must set forth some affirmative link or connection
5   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
6   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
7            Finally, plaintiff is warned that failure to file an amended complaint within the
8   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
9   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
10  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
11  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
12           Accordingly, IT IS HEREBY ORDERED that:
13           1.      Plaintiff's complaint is dismissed with leave to amend; and
14           2.      Plaintiff shall file an amended complaint within 30 days of the date of
15  service of this order.

  DATED:  November 10, 2010

                                                _____
                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE