IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MERRIDA, | No. CIV S-10-2865-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ARAMARK FOOD SERVICE PROVIDER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 10).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Aramark Food Service Provider and Solano County as defendants to this action. Plaintiff alleges:

> Aramark along with Solano County has and continues to intentionally and maliciously deprive me and some of the other inmates that are presently housed in the county jail if your [sic] not on a special diet you don't receive a full and complete meal and we are under Federal law to receive two hot meals a day we only receive one. Aramark has complete control of the food that is served at the county jail. Therefore the Captain of the jail or the head person or persons that are in control makes them in conspiracy with Aramark. Most of the inmates are getting served the same meals for breakfast as me while the other portion is getting a special diet with a good amount of food even hot food. This is a denial of Equal Protection under the Fourteenth Amendment this shows intentional discrimination me and a class of inmates. The deprivation is caused by Aramark inflating prices so that we would have to spend money to eat but the people that don't have money is subject to go hungry.

## II. DISCUSSION

At the outset, the court finds that Solano County is not a proper defendant to this action. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see

1  also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local
2  government unit, however, may not be held responsible for the acts of its employees or officials
3  under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S.
4  397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not
5  of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the
6  plaintiff must allege that the constitutional deprivation complained of resulted from a policy or
7  custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to
8  withstand dismissal even if it is based on nothing more than bare allegations that an individual
9  defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los
10 Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

11         Here, plaintiff has not alleged any official policy, custom, or practice of Solano
12 County which resulted in the alleged constitutional violations.  Plaintiff was advised of this
13 defect in the court's order addressing the original complaint, and plaintiff was provided leave to
14 amend.  Given that plaintiff continues to fail to allege any official custom, policy, or practice,
15 Solano County should be dismissed as a defendant to this action.

16         Aramark is also not a proper defendant to this civil rights action.  As plaintiff was
17 previously informed, private parties are generally not considered to be acting under color of state
18 law for purposes of liability under § 1983.  See Price v. Hawai'i, 939 F.2d 702, 707-08 (9th Cir.
19 1991).  It is possible for a private party to act under color of state law where conspiracy with state
20 officials is alleged.  See Tower v. Glover, 467 U.S. 914, 920 (1984).  In this case, while plaintiff
21 alleges that the jail captain or "head person or persons that are in control" conspired with
22 Aramark, plaintiff has not named any particular state official as a defendant.  Aramark should
23 also be dismissed.
24 / / /
25 / / /
26 / / /

1    Though the above-discussed reasons are sufficient for dismissal of the entire
2 action without further leave to amend, the court will nonetheless address plaintiff's substantive
3 claims.  Plaintiff asserts that the facts he alleges give rise to an Equal Protection claim.
4 Plaintiff's allegations also suggest an Eighth Amendment claim, though plaintiff does not
5 specifically mention the Eighth Amendment.  The court finds that plaintiff's amended complaint
6 does not state a claim based on either theory.

    A.    **Equal Protection**

    Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial and religious discrimination.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).

    In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be

brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

The court does not agree with plaintiff that the facts alleged give rise to an Equal Protection claim. In particular, plaintiff does not allege that he is being treated differently than similarly situated individuals. Plaintiff claims that he and most inmates are getting the same food and that inmates on a special diet receive different and better food. Thus, according to plaintiff, the only inmates receiving different and better food are those that are not similarly situated, i.e., inmates with special dietary needs. Further, there is a clear legitimate penological reason to provide inmates with special dietary needs different food than other inmates. For these reasons, the court finds that plaintiff's amended complaint fails to state an Equal Protection claim.

### B. Eighth Amendment

Plaintiff claims that he is not being provided constitutionally adequate food. In particular, he alleges that he is entitled to two hot meals a day yet only receives one meal that may or may not be hot. The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. See LaMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). It need not be tasty or aesthetically pleasing. See id. Food may even occasionally be served cold or occasionally contain foreign objects without violating the constitution. See id. Here, plaintiff alleges that he receives only one meal a day and that sometimes that meal is cold. Plaintiff does not, however, allege that the food he is provided is unhealthy or inadequate to meet his nutritional needs. Plaintiff's allegations simply do not give rise to an Eighth Amendment claim based on denial of adequate meals.

///

///

///

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE